IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02691-BNB

JEFFREY DAVID SIZEMORE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (The Entity),
FPC AND FCI, FLORENCE, COLORADO (Contact Name Chris Synsboll),
FPC ADMINISTRATOR GARCIA,
FPC PA-1 CAMACHO,
FPC CASE MANAGER PORCO,
FCI CORRECTIONAL OFFICER J. WILCOX,
FCI CORRECTIONAL OFFICER SANDOVAL,
FCI CORRECTIONAL OFFICER WALK,
FCI CORRECTIONAL OFFICER GROW,
FCI CORRECTIONAL OFFICER SUDDOTH,
FCI CORRECTIONAL OFFICER TROUTMAN,
FCI CORRECTIONAL OFFICER PRICE,
FCI CORRECTIONAL OFFICER, COULSON,
FCI CORRECTIONAL OFFICER MARTÍNEZ (Female),
FCI CAPTAIN BAUER, and
S. NAFZIGER, M.D.,

    Defendants.

---

ORDER DENYING MOTION TO AMEND AND DIRECTING PLAINTIFF
TO RESPOND TO NOVEMBER 25, 2011, SHOW-CAUSE ORDER

---

    Plaintiff, Jeffrey David Sizemore, was a prisoner in the custody of the United States Bureau of Prisons (BOP).  He currently resides in Albuquerque, New Mexico.  Mr. Sizemore filed *pro se* a Prisoner Complaint (ECF No. 1) asserting three claims for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  He has paid the $350.00 filing fee.

    On November 25, 2011, the Court ordered Mr. Sizemore to show cause within

thirty days why the misjoined parties in this action should not be dismissed or the claims against them severed. He also was directed to submit to the Court a separate document providing the complete address for each named Defendant.

Mr. Sizemore failed, within the time allowed, to respond to the November 25 order to show cause or otherwise to communicate with the Court in any way. Therefore, on January 4, 2012, the Court again ordered Mr. Sizemore to show cause, within fifteen days, why the instant action should not be dismissed for his failure to prosecute. On January 12, 2012, Mr. Sizemore submitted a response (ECF No. 4) to the January 4 order to show cause. On January 13, 2012, he submitted two separate documents (ECF Nos. 5 and 6), providing an address for the United States Penitentiary, High Security (USP-High), in Florence, Colorado, which is not a named Defendant.

The Court must construe Mr. Sizemore's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the January 12 response to the show-cause order will be construed liberally as a motion to amend, and the motion to amend will be denied.

In the motion to amend, Mr. Sizemore asks to be allowed to combine his three asserted claims into one claim asserted against a Defendant he lists as:

> Federal Bureau of Prisons (The Entity),
> FPC and FCI. Florence, Colorado (Contact Name Chris
>   Synsboll).

ECF No. 4 at 1.

Mr. Sizemore cannot do what he asks. He cannot sue the BOP in a *Bivens*

action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). Mr. Sizemore also cannot circumvent the directives of the November 25 show-cause order concerning joinder by suing an improper Defendant for damages. The motion to amend is futile, and will be denied.

Mr. Sizemore will be given one final opportunity to respond to the November 25 order to show cause. He will be allowed fifteen days from the date of this order in which to specify to the Court which claim he intends to pursue against which Defendants in the instant action, and which claims against which Defendants he wants to dismiss. If, in response to this order, Mr. Sizemore again submits a nonresponsive filing, the Court will sever the instant action into three lawsuits. Mr. Sizemore is advised that he may petition the Court for leave to proceed *in forma pauperis* in the severed lawsuits; however, he still will owe $350.00 in each lawsuit, which he either may pay in installments or show cause on a monthly basis why he is unable to do so.

Mr. Sizemore should be sure that the names of the parties he sues as Defendants in the instant action match the names of the parties for which or whom he provides addresses. Mr. Sizemore must only name as parties the individuals or entities he actually intends to sue and not a contact person for the actual Defendants.

Accordingly, it is

ORDERED that the response (ECF No. 4) to the order to show cause that Plaintiff, Jeffrey David Sizemore, submitted to the Court on January 12, 2012, and which the Court treated as a motion to amend, is denied. It is

FURTHER ORDERED that Mr. Sizemore will be allowed **fifteen (15) days from the date of this order** in which to respond to the November 25, 2011, order to show cause by specifying to the Court which claim he intends to pursue against which Defendants in the instant action, and which claims against which Defendants he wants to dismiss. It is

FURTHER ORDERED that the names of the parties Mr. Sizemore sues as Defendants in the instant action must match the names of the parties for which or whom he provides addresses. Mr. Sizemore must only name as parties the individuals or entities he actually intends to sue and not a contact person for the actual Defendants. It is

FURTHER ORDERED that, if Mr. Sizemore again submits a nonresponsive filing to this order, the Court will sever the instant action into three lawsuits, and Mr. Sizemore may petition the Court for leave to proceed *in forma pauperis* in each of the severed lawsuits. It is

FURTHER ORDERED that, if Mr. Sizemore fails to respond **within fifteen (15) days from the date of this order**, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge